**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MAGDA OVALLE ZACARIAS, | No.  23-83 |
| Petitioner, | Agency No. A079-793-287 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 9, 2024[**]
San Francisco, California

Before:  PAEZ and SUNG, Circuit Judges, and FITZWATER,[***] District Judge.

Petitioner Magda Ovalle Zacarias ("Ovalle"), a native and citizen of Guatemala,

petitions for review of a decision of the Board of Immigration Appeals ("BIA")

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

denying her motion to reopen her removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We deny Ovalle's petition in part and dismiss it in part.

1. The BIA did not abuse its discretion in denying Ovalle's motion to reopen. *See Reyes-Corado v. Garland*, 76 F.4th 1256, 1259 (9th Cir. 2023) ("The BIA's denial of a motion to reopen is reviewed for abuse of discretion[.]"). Ovalle's motion to reopen was untimely.[1] *See* 8 U.S.C. § 1229a(c)(7)(A), (c)(7)(C)(i) (a petitioner "may file one motion to reopen [removal] proceedings," which must "be filed within 90 days of the [final removal order]."). An otherwise time-barred motion may be considered timely, however, when the statutory deadline is equitably tolled. *See Iturribarria v. INS*, 321 F.3d 889, 897 (9th Cir. 2003). To establish equitable tolling, the petitioner must show that (1) she has been pursuing her rights diligently, and (2) some extraordinary circumstances stood in her way and prevented timely filing. *See Holland v. Florida*, 560 U.S. 631, 649 (2010). The BIA properly found that Ovalle failed to exercise due diligence in pursuing her rights in the 19-year interval between the date her final administrative decision was rendered and the date she filed her motion to reopen her removal proceedings. The BIA considered the undisputed fact that Ovalle did not present evidence that she contacted an attorney until November 12,

---

[1] Ovalle's final removal order was entered on June 13, 2002. She filed her motion to reopen removal proceedings on November 26, 2021—19 years after the 90-day deadline.

2021. Further, Ovalle did not present evidence that she sought other counsel or attempted to pursue relief in some other way during the 19-year period. *See Bonilla v. Lynch*, 840 F.3d 575, 583 (9th Cir. 2016).[2]

2. We lack jurisdiction to review the BIA's decision not to reopen Ovalle's removal proceedings *sua sponte*. *See Bonilla*, 840 F.3d at 583 (holding that the court has limited jurisdiction to review for legal or constitutional error the BIA's discretionary decision to deny reopening removal proceedings *sua sponte*). The BIA did not rely on an incorrect legal premise when it denied Ovalle *sua sponte* relief. It articulated the "exceptional situation" standard and cited *Matter of J-J-*, 21 I. & N. Dec. 976, 984 (BIA 1997), which recognized that the standard is not meant to cure filing defects or to otherwise circumvent the regulations. The BIA therefore understood the nature of its discretion and decided not to exercise it. Even assuming *arguendo* that *Niz-Chavez v. Garland*, 593 U.S. 155 (2021), constituted a fundamental change in the law and an exceptional situation, the BIA still acted within its discretion in denying Ovalle *sua sponte* relief. *See Lona v. Barr*, 958 F.3d 1225, 1235 (9th Cir. 2020) (quoting *Sang Goo Park v. Att'y Gen.*, 846 F.3d 645, 650 (3d Cir. 2017) ("The

---

[2] Because the BIA did not abuse its discretion when it declined to grant equitable tolling based on lack of due diligence, we do not reach Ovalle's remaining arguments.

- 3 -

presence of an exceptional situation does not compel the BIA to act; the BIA may still decide against reopening.") (alterations omitted)).

Nor did the BIA commit constitutional error. The BIA must "consider the issues raised, and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted." *Lopez v. Ashcroft*, 366 F.3d 799, 807 n.6 (9th Cir. 2004) (quoting *Efe v. Ashcroft*, 293 F.3d 899, 908 (5th Cir. 2002)). The BIA stated that it considered Ovalle's motion and supporting documentation and cited cases illustrating the situations it considers truly exceptional in nature. *See Najmabadi v. Holder*, 597 F.3d 983, 990-91 (9th Cir. 2010) (upholding BIA's decision where it "did not directly reference [the petitioner's] statements" but there was "nothing to suggest it did not consider that evidence"). Accordingly, Ovalle's contention that the BIA violated due process fails. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and substantial prejudice to prevail on a due process claim).

**PETITION DENIED IN PART AND DISMISSED IN PART.**